**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 09-737-3 |
| | : | |
| MICHAEL PAUL NEBEL | : | |

**DEFENDANT'S SENTENCING MEMORANDUM**

The Presentence Report drafted by Antonio Maiocco sets Michael Nebel's Guidelines sentencing range at 37 to 46 months. As set forth in detail below, a sentence in this range would be greater than necessary to achieve the goals of sentencing in Mr. Nebel's case because through his conduct while on pre-trial supervision in a dual diagnosis center he has demonstrated that said treatment is appropriate for him. All of the sentencing factors enumerated in 18 U.S.C. § 3553(a) weigh in favor of a below-Guidelines sentence in this case. Accordingly, the defense respectfully suggests that a sentence of time served, followed by continued dual diagnosis treatment, even inpatient, while on supervised release is the most appropriate sentence for Michael Nebel pursuant to *United States v. Booker*, 543 U.S. 220 (2005), its progeny, and 18 U.S.C. § 3553(a).

**I.   PROCEDURAL HISTORY**

On November 19, 2009, a grand jury in the Eastern District of Pennsylvania returned a one count Indictment charging Mr. Nebel with conspiracy to intentionally damage a protected computer system, in violation of 18 U.S.C. 371. On June 21, 2010, Michael Nebel entered a plea of guilty Count One of the indictment. Sentencing is scheduled for September 24, 2010.

**II.   DEFENDANT'S PERSONAL HISTORY**

Mr. Nebel's personal history was accurately captured in the pre-sentence report prepared by the probation department. Of most significance is the history of mental illness and substance addiction and abuse. Most significant because his pre trial release, here in the Eastern District of Pennsylvania, has been one of successful participation in the dual diagnosis program

administered by the "Fresh Start" inpatient facility. It seems clear, now that Mr. Nebel has received the proper evaluation and treatment, that he can return to being a productive and law abiding citizen. Mr. Nebel is successfully confronting demons that have haunted him his entire life, and is being equipped with the tools to manage and control them. Mr. Nebel has excelled within the structure and treatment provided by the "Fresh Start" program, and has given no indication that continued success would not be probable within similar programs.

## III. SENTENCING CONSIDERATIONS

As set forth by the Third Circuit in *United States v. Tomko*, — F.3d —, 2009 WL 1025876 (3d Cir. April 16, 2009), a sentencing court must, in every case,

> begin the process by first calculating the applicable Guidelines range. After that initial calculation, the court must then rule on any motions for departure and, if a motion is granted, state how the departure affects the Guidelines calculation. Finally, after allowing the parties an opportunity for argument, the court must consider all of the § 3553(a) factors and determine the appropriate sentence to impose, which may vary from the sentencing range called for by the Guidelines.[1]

*See Tomko*, — F.3d —, 2009 WL 1025876, at *7 (quoting *United States v. Levinson*, 543 F.3d

---

[1] The sentencing factors set forth in § 3553(a) include:

· the nature and circumstances of the offense and the history and characteristics of the defendant;

· the kinds of sentence available;

· the Guidelines and policy statements issued by the Sentencing Commission, including the advisory guideline range;

· the need to avoid unwarranted sentencing disparity; and

· the need to provide restitution where applicable.

18 U.S.C. § 3553(a)(1), (a)(3), (a)(5)-(7).

190, 195 (3d Cir. 2008)).  In arriving at an ultimate sentence, the sentencing court may not prefer a within-Guidelines sentence over a sentence outside the Guidelines.  *See Nelson v. United States*, — U.S. —, 129 S. Ct. 890, 891 (2009) ("The Guidelines are not only *not mandatory* on sentencing courts; they are not to be *presumed* reasonable.") (emphasis in original).  *Accord Gall v. United States*, 552 U.S. —, 128 S. Ct. 586, 596-97 (2007) (sentencing courts "may not presume that the Guidelines range is reasonable."); *Rita v. United States*, 551 U.S. at 351 ("[T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply.").

The third step (the heart of post-*Booker* sentencing) requires sentencing courts to give full consideration to all of the § 3553(a) factors.  At this stage, as the Supreme Court recently re-emphasized in its summary reversal of the Eighth Circuit in *Spears v. United States*, — U.S. —, 129 S. Ct. 840 (2009), sentencing courts may vary from the Guidelines based on case-specific considerations, policy reasons alone, or both.  *See Spears*, 129 S. Ct. at 843 ("That was indeed the point of *Kimbrough*: a recognition of district courts' authority to vary from the crack cocaine Guidelines based on *policy* disagreements with them, and not simply based on an individualized determination that they yield an excessive sentence in a particular case.") (emphasis in original).

At base, the overarching goal of this three-part process is the imposition of a sentence "sufficient, but not greater than necessary," to achieve the goals of sentencing – retribution, deterrence, incapacitation, and rehabilitation.  *See* 18 U.S.C. § 3553(a); *Kimbrough v. United States*, 552 U.S. —, 128 S. Ct. 558, 570 (2007).

**IV.    CONCLUSION**

Based on the above stated reasons, the defense respectfully requests that this Court

impose a sentence of time served, followed by a term of supervised release.  Defense requests that as part of the supervised release term Mr. Nebel be allowed to remain in a dual diagnosis program, at-least for part of the time. It is also respectfully requested that the supervised release be transferred as close to Wheeling, Illinois, where his mother resides.

           Respectfully submitted,

            /s/ *Kenneth Edelin*
           Kenneth Edelin, Esq.

## **CERTIFICATE OF SERVICE**

I, Kenneth Edelin, Esq, hereby certify that I have electronically served a copy of Defendant's Sentencing Memorandum, upon Albert S. Glenn, Assistant United States Attorney, to his office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

                                                               /s/ *Kenneth Edelin*
                                                               Kenneth Edelin, Esq.

DATE:      September 22, 2010